UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

OCWEN LOAN SERVICING,

    Plaintiff,

v.

ASHRAF AMIN AKBARI,

    Defendant.

2:11-cv-1781-LRH-VCF

ORDER

Before the court is defendant Ashraf Amin Akbari's ("Akbari") motion to dismiss. Doc. #7.[1] Plaintiff Ocwen Loan Servicing ("Ocwen") filed an opposition to the motion. Doc. #8.

## I.   Facts and Procedural History

In June 2011, Ocwen and Akbari entered into a purchase and sale agreement for real property in Las Vegas, Nevada. Ocwen transferred title to the property to the escrow company, Premium Title Services, Inc. ("PTI"), but did not receive the purchase money from Akbari. Subsequently, Ocwen brought the underlying complaint for breach of contract. Doc. #1.

In response, Akbari filed the present motion to dismiss for failure to name an indispensable party. Doc. #7.

///

---

[1] Refers to the court's docket entry number.

## II. Discussion

Akbari moves to dismiss the present action for failure to name an indispensable party under Rule 19 of the Federal Rules of Civil Procedure. Doc. #7. Specifically, Akbari argues that Ocwen cannot receive full relief for its claims without adding PTI as a defendant to the action.

A failure to join an indispensable party under Rule 19 is a basis to dismiss an entire action. *See* FED. R. CIV. P. 12(b)(7). A party is indispensable under Rule 19 if the court cannot accord complete relief among the existing parties. FED. R. CIV. P. 19(a)(1)(A).

The court has reviewed the documents and pleadings on file in this matter and finds that PTI is not an indispensable party to Ocwen's claims. Ocwen's claims relate to a breach of contract for the purchase of real property on the basis that it did not receive money from Akbari. *See* Doc. #1. In his motion, Akbari alleges that PTI did not transfer his money to Ocwen properly. Even if this is true, PTI is still not an indispensable party. Ocwen's claim for breach of contract arises out of the sale and purchase agreement to which PTI was not a party. Thus, the court may afford Ocwen complete relief without PTI being a defendant in this action. Accordingly, the court shall deny Akbari's motion to dismiss.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #7) is DENIED.

IT IS SO ORDERED.

DATED this 5th day of July, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE