UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| OCWEN LOAN SERVICING, LLC, | ) |
| | ) 2:11-cv-01781-LRH-VCF |
| Plaintiff, | ) |
| | ) ORDER |
| vs. | ) |
| | ) |
| ASHRAF AMIN AKBARI, | ) |
| | ) |
| Defendant. | ) |

Before the court is Defendant Ashraf Amin Akbari's Motion to Set Aside Clerk's Default (#14[1]). Plaintiff Ocwen Loan Servicing, LLC has filed an opposition (#19), to which Defendant has replied (#20).

**I.   Facts and Procedural History**

In June 2011, Defendant entered into a contract with Plaintiff to purchase real estate in Las Vegas. Following disagreements over the payment method, Plaintiff filed the initial Complaint (#1). Despite several extensions, Defendant failed to answer the Complaint by the final deadline. After failing to respond by the deadline in late July 2012, Defendant agreed to respond by August 3. After missing that deadline, Defendant's counsel told Plaintiff's counsel on August 6 that he had not filed an answer due to health concerns, which had resulted in his hospitalization. After still failing to later answer the Complaint, Plaintiff filed for entry of Clerk's Default (#12), which was granted on August 24, 2012 (#13).

///

---

[1]Refers to the court's docket number.

## II. Legal Standard

Rule 55(c) of the Federal Rules of Civil Procedure governs the procedure for setting aside an entry of default, stating the court may set aside a default entry for good cause. To determine good cause, the court considers three factors: (1) whether the moving party's culpable conduct led to the default, (2) whether the moving party has a meritorious defense, and (3) whether setting aside the default would prejudice the other party. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). The party seeking to set aside the default bears the burden of establishing that these factors favor setting aside the default. *See id.*

Courts generally disfavor defaults and default judgments, preferring instead to decide cases on their merits. Because Rule 55(c) is remedial in nature, courts may apply it liberally. *See Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987).

## III. Discussion

First, Defendant claims her culpable conduct (or her counsel's culpable conduct) did not lead to the default. The court agrees in part. Defendant had previously submitted her Motion to Dismiss (#7), showing some intent to defend. *See* Fed. R. Civ. P. 55(a) advisory committee's note ("Acts that show an intent to defend have frequently prevented a default . . . ."). However, based on the surrounding circumstances, including the Motion's filing after the initial deadline to respond to Plaintiff's Complaint and other missed deadlines, Defendant's Motion to Dismiss may not have been filed entirely in good faith.

Additionally, Defendant's counsel claims to have been hospitalized at or around the time of the final August 3 deadline, due to no fault of his own. Defendant's counsel claims this hospitalization caused his failure and inability to answer, yet based on his prior history with filing answers in this case, there is less reason to believe Defendant's counsel would have filed an answer but for the hospitalization. This skepticism is further justified by Defendant's counsel failure to specify when, why, or how long he was hospitalized. However, in *Bateman v. U.S. Postal Service*, 231 F.3d 1220 (9th Cir. 2000), the Ninth Circuit set aside a final judgment under

///

///

1    conditions similar to those presented here.[2] There, the Ninth Circuit held Bateman's counsel's
2    conduct in failing to respond to a motion for summary judgment was excusable, despite not
3    responding to the court until about two weeks after his return from his family emergency. Here,
4    Defendant filed her Motion to Set Aside Clerk's Default only eleven days after the clerk entered
5    the default. Weak as Defendant's justifications here may be, they do not appear to be the result of
6    "deviousness or willfulness." *Id.* at 1225.

7    Second, Defendant does seem to have a meritorious defense. In addition to her Motion to
8    Set Aside Clerk's Default, Defendant simultaneously filed her Answer and Counterclaim (#17).
9    In her Answer, Defendant specifically alleges that Plaintiff, by allowing Defendant four months
10   to possess and improve the property before returning the improperly paid money, failed to
11   mitigate damages, which is an affirmative defense under Nevada state law. *See, e.g.*, *Automatic*
12   *Merchandisers, Inc. v. Ward*, 646 P.2d 553 (Nev. 1982). In addition to other defenses, Defendant
13   also alleges facts that support an affirmative defense based on Plaintiff's failure to satisfy the
14   contract's conditions precedent. *See, e.g*, *Goldston v. AMI Inv., Inc.*, 655 P.2d 521 (Nev. 1982).

15   Third, any prejudice to Plaintiff from setting aside the default is minimal. Although, as
16   Plaintiff urges, the court is interested in protecting the finality of judgments, "the finality interest
17   should give way fairly readily, to further the competing interest in reaching the merits of a
18   dispute." *Knoebber* at 695–696. Additionally, the Clerk's default lacks the finality of a judgment:
19   regardless of any clerk's default entry, the court has discretion whether to actually grant a default
20   judgment.
21   ///

---

[2]Though *Bateman* deals with granting relief from a final judgment under Rule 60(b)(1) of the Federal Rules of Civil Procedure, rather than setting aside a default under Rule 55(c), the analysis for both is essentially the same. *See Knoebber*, 244 F.3d at 696–697 ("The *Falk* factors [from *Falk v. Allen*, 739 F.2d 461 (9th Cir. 1984)] quite effectively capture in the default judgment context the very equitable factors involved in the balance between the competing interests in assuring substantial justice and in protecting the finality of judgments that underlies Rule 60(b)(1)."). While both parties here erroneously rely on Rule 60(b), it does not significantly affect the substance of either party's argument.

Further, following the default entry against Defendant, Defendant timely moved to set aside the default. Because Defendant filed her answer to Plaintiff's Complaint at the same time, setting aside the default would result in little additional delay. However, to rectify any prejudice caused by the delay, the court finds it appropriate to condition the setting aside of the default on Defendant paying Plaintiff's reasonable attorney's fees incurred from Defendant's Motion to Set Aside Clerk's Default. *See Nilsson v. Louisiana Hydrolec*, 854 F.2d 1538, 1546–1547 (9th Cir. 1988). The court therefore invites Plaintiff to move for appropriate attorney's fees and provide the appropriate documents pursuant to Local Rule 54-16.

IT IS THEREFORE ORDERED that Defendant's Motion to Set Aside Clerk's Default (#14) is GRANTED. Clerk's Entry of Default (#13) is set aside.

IT IS SO ORDERED.

DATED this 7th day of June, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE