UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| OCWEN LOAN SERVICING, LLC, A Delaware limited liability company, ) ) ) | |
| Plaintiff, ) ) | 2:11-CV-01781-LRH-VCF |
| v. ) ) | ORDER |
| ASHRAF AMIN AKBARI, an individual, and ) DOES 1 through 10, inclusive, ) ) | |
| Defendants. ) ) | |

Before the Court is Plaintiff Ocwen Loan Servicing's ("Ocwen's") Motion for Attorney's Fees. Doc. #22. Defendant Ashraf Amin Akbari ("Akbari") filed a Response (Doc. #23), to which Ocwen replied (Doc. #24).

**I.  Factual Background**

In June 2011, Akbari entered into a contract with Ocwen to purchase real estate in Las Vegas. Following a disagreement over the payment method, Ocwen filed the present Complaint. Doc. #1. Despite several extensions, Akbari repeatedly failed to answer in accordance with the Court's deadlines. Ocwen filed for Entry of Clerk's Default (Doc. #12), and on August 24, 2012 the Clerk entered Default against Akbari. Doc. #13. Thereafter, Akbari timely filed a Motion to Set Aside the Clerk's Entry of Default. Doc. #14. On June 7, 2013, the Court granted Akbari's

Motion on the condition that Akbari pay Ocwen's reasonable attorney's fees incurred as a result of Akbari's Motion.  Doc. #21.

## II.     Legal Standard

Where a defaulting party's behavior causes impermissible prejudice to his opponent, the Court may condition its setting aside of default upon the defaulting party's payment of the non-defaulting party's attorney fees and costs.  *Nilsson v. Louisiana Hydrolec*, 854 F.2d 1538, 1546.  In doing so, "any prejudice suffered by the non-defaulting party as a result of the default and the subsequent reopening of the litigation can be rectified." *Id.*

## III.    Discussion

The Court finds that Ocwen's request for $3,059.00 in attorney's fees is reasonable under the circumstances.  In support of its request, Ocwen complied with the applicable provisions of Local Rule 54-16 by providing an itemization and description of the work performed as well as a summary of the results obtained and the amount involved; the time and labor required to pursue this matter; the novelty and difficulty of the questions involved; the skill requisite to perform the legal service properly; the preclusion of other employment due to acceptance of the case; the customary fee; the time limitations imposed by the client or circumstances; counsel's own experience, reputation, and ability; the nature and length of the professional relationship with the client; and awards in similar cases.  *See* Doc. #22, Ex. 1, Ex. 2.  Akbari's argument that the sum is excessive in light of Ocwen's admission that the questions of law were not especially complex or difficult and that Ocwen's counsel are experienced commercial litigators who are well versed and very experienced in this area of law is unpersuasive.  Each of the entries in Ocwen's supporting documentation represents time and costs that were *actually* incurred by Ocwen's counsel in connection with Akbari's failure to answer the Complaint and Akbari's subsequent Motion to Set Aside Clerk's Default.  This was precisely the prejudice that the Court sought to rectify in conditioning its Order Setting Aside Clerk's Entry of Default on Akbari paying Ocwen's reasonable attorney's fees.  Moreover, the time incurred by Ocwen's counsel in diligently

reviewing the Court's docket and the parties' submissions, and researching and drafting a Response to Akbari's Motion to Set Aside Clerk's Default is fully reflected in Ocwen's thorough and detailed Response.  As such, the Court finds that Ocwen's request for $3,059.00 in attorney's fees is reasonable.

IT IS THEREFORE ORDERED that Ocwen's Motion for Attorney's Fees (Doc. #22) is GRANTED.

IT IS FURTHER ORDERED that Akbari shall pay Ocwen $3,059.00 in attorney's fees within thirty (30) days of the entry of this Order as a condition to the Court's Order Setting Aside Clerk's Entry of Default.

IT IS SO ORDERED.

DATED this 10th day of October, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE